**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

MARIANNE GOOD and RAY GOOD,

        Plaintiffs,

vs.

TYSON FOODS, INC., ANTHONY
KARNES, MARTIN CHAPA, RICK
GLEASON and MIKE GROTHE,

        Defendants.

No. 06-CV-2003-LRR

**ORDER**

_____

### *TABLE OF CONTENTS*

I.     *INTRODUCTION* ........................................ 1

II.    *PROCEDURAL HISTORY* .................................. 1

III.   *THE MERITS* ........................................ 4

IV.   *CONCLUSION* ........................................ 6

### *I. INTRODUCTION*

Before the court is Plaintiffs' Request for Summary Remand Order (docket no. 11).

### *II. PROCEDURAL HISTORY*[1]

On December 9, 2005, Plaintiffs Marianne and Ray Good filed a four-count Petition

---

[1] There are multiple notices of removal, motions for remand and other associated motions pending before the court involving the same state court action. The motions are contained in clerk's case numbers 06-CV-1003-LRR and 06-CV-2003-LRR. The procedural history presented herein only recites those events that are necessary to dispose of the instant motion. Nothing herein should be construed as a ruling on the merits of the parties' other outstanding motions.

at Law against Defendants Tyson Foods, Inc. ("Tyson"), Anthony Karnes, Martin Chapa, Rick Gleason and Mike Grothe in the Iowa District Court In and For Black Hawk County. First, Plaintiff Marianne Good alleges her coworkers, Defendants Karnes, Chapa, Gleason and Grothe, committed "gross negligence" when they "refuse[d] to send her for medical treatment and forced her to continue to perform her job." Second, Plaintiff Marianne Good alleges all of the Defendants committed the tort of "bad faith" when they ignored or denied her medical treatment without a reasonable basis. Third, Plaintiff Marianne Good alleges a "Violoation [sic] of FMLA Rights" against Defendant Tyson, insofar as it failed to give her time off to recuperate after a hog fell on her arm and constructively discharged her. *See* 29 U.S.C. § 2615 *et seq.* (Family and Medical Leave Act). Fourth, Plaintiff Ray Good alleges a loss of consortium claim against all of the Defendants. Together, Plaintiffs seek compensation for past, present and future medical expenses, pain and suffering, loss of enjoyment of life, mental anguish, physical discomfort, loss of full function of body, disability, lost income and earning capacity, unspecified "other damages," "deni[al] of justice" and humiliation. They also seek front pay, back pay, punitive damages, legal fees and expenses, costs and "such other and further relief as the [c]ourt deems just and equitable."

On December 31, 2005, Plaintiffs served Defendant Chapa. On January 26, 2006, Defendant Chapa filed a timely Notice of Removal in this court. *See* 28 U.S.C. § 1446(b) (providing that a notice of removal is timely if filed within thirty days of receipt of service).[2] In accordance with the so-called "rule of unanimity," the Notice of Removal

---

[2] In a pending Motion to Strike, Plaintiffs claim Chapa's notice of removal was not properly filed with the Clerk of Court. The court shall address the Motion to Strike at a later time, as the argument is not raised in the instant Request for Summary Remand Order.

states that Defendants Tyson, Gleason and Grothe join in and consent to the removal.[3] *See Marano Enters. v. Z-Teca Rests.*, 254 F.3d 753, 754 n.2 (8th Cir. 2001) ("Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded."); *Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967) ("Where several defendants are jointly sued in a state court on a joint cause of action, the suit, as a general rule, may not be removed to federal court . . . unless all the defendants join in the removal."). Plaintiffs have not served Defendant Karnes, and, therefore, his consent is unnecessary. *Ross v. Thousand Adventures of Iowa, Inc.*, 163 F. Supp. 2d 1044, 1049 (S.D. Iowa 2001) (citing *Jones v. Kremer*, 28 F. Supp. 2d 1112, 1113 n.2 (D. Minn. 1998)).[4]

---

[3] In any event, Defendant Tyson filed its own Notice of Removal (in Case No. 06-CV-2003-LRR) on January 10, 2006. On January 26, 2006, Defendants Tyson, Gleason and Grothe filed an Amended Notice of Removal. The intent of Tyson, Gleason and Grothe to join Defendant Chapa's January 26, 2006 Notice of Removal was thus already self-evident. *See Bradley v. Md. Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967) (holding that a lawsuit may not be removed to federal court unless all defendants join in the removal or "their intent and action are . . . self-evident," such as when the other defendants had filed prior notices of removal).

[4] Although the Eighth Circuit Court of Appeals has not squarely held that a defendant seeking removal to federal court need not obtain the consent of an unserved co-defendant, it has indicated that the rule of unanimity is "not absolute" and will not be interpreted "in a hypertechnical and unrealistic manner." *Bradley*, 382 F.2d at 419; *see also Marano*, 254 F.3d at 755 n.2 (noting that "[u]nder the rule of unanimity, *ordinarily* all defendants must join in a notice of removal or the case will be remanded" (emphasis added)). Other Circuit Courts of Appeal have unanimously indicated that a removing party need not obtain the consent of unserved co-defendants. *See, e.g., Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999); *Jones v. Houston Indep. Sch. Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985); *P.P.*
(continued...)

On February 10, 2006, Plaintiffs filed the instant Request for Summary Remand Order. Plaintiffs ask the court to immediately remand this case to state court because it "clearly appears on the face of the [Notice of Removal]" that this case includes a workers' compensation claim arising under Iowa Code section 85.20 (2005). *See* 28 U.S.C. § 1446(c) (providing for summary remand order when it "clearly appears" on the face of the removal notice that removal should not be permitted); *see also* 28 U.S.C. § 1445(c) (providing that civil actions arising under the workers' compensation law of a state may not be removed to federal court).

On February 13, 2006, Defendants Chapa, Gleason, Grothe and Tyson resisted Plaintiffs' Request for Summary Remand Order. On February 14, 2006, Plaintiffs filed a Reply. On the same date, Defendants Chapa, Gleason, Grothe and Tyson filed a Surreply.

## III. THE MERITS

Plaintiffs request that the court summarily remand this case to state court. Title 28, United States Code, Section 1446(c)(4) states:

> The United States district court in which *such notice* is filed shall examine the notice promptly. If it *clearly appears* on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

28 U.S.C. § 1446(c)(4) (emphasis added). Plaintiffs claim this case should be summarily remanded because their Petition at Law contains a claim arising under the workers' compensation law of Iowa. "A civil action arising under the workmen's compensation

<hr>

[4](...continued)
*Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968).

laws of [a state] may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The presence of a workers' compensation claim taints the entire case; remand is necessary even if the case presents a federal question or the parties are diverse. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995).

The court declines to summarily remand the case. When the court reads 28 U.S.C. § 1446(c)(4) *in pari materia* with 28 U.S.C. § 1446(c)(1)-(3) and 28 U.S.C. § 1446(c)(5), *see Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996) (requiring district courts to read removal statues *in pari materia*), it is clear that the "such notice" referred to in 28 U.S.C. § 1446(c)(4) is "[a] notice of removal in a criminal prosecution." For example, 28 U.S.C. § 1446(c)(1) applies only to "[a] notice of removal in a criminal prosecution." Likewise, 28 U.S.C. § 1446(c)(2) applies only to "[a] notice of removal in a criminal prosecution." Similarly, 28 U.S.C. §§ 1446(c)(3) and (5) are limited to notices of removal in criminal prosecutions. *See* 28 U.S.C. §§ 1446(c)(3) ("The filing of a notice of removal of a criminal prosecution . . ."); *see also* 28 U.S.C. § 1446(c)(5) ("If the United States district court does not order the summary remand of such prosecution . . . .").

> Subsection (c) embodies the provisions of [28 U.S.C. §§ 74 and 76 (1940)] for filing the removal petition before trial *and makes them applicable to all criminal prosecutions but not to civil actions*. This provision was retained to protect Federal officers enforcing revenue or criminal laws from being rushed to trial in [s]tate courts before petition for removal could be filed.

28 U.S.C.A. § 1446, Historical and Statutory Note, 1948 Acts, at 320 (emphasis added). The court, therefore, finds that the summary remand procedure in 28 U.S.C. § 1446(c)(4) applies only to notices of removal in criminal prosecutions and is thus inapplicable in this civil action. *See, e.g., City of Kansas City v. Newport*, No. 95-3837WM, 1996 WL

93781, 78 F.3d 588 (unpublished table disposition) (8th Cir. 1996) (applying 28 U.S.C. § 1446(c)(4) to summarily remand criminal prosecution to state court); *see also Korea Exch. Bank, N.Y. Branch v. Trackwise*, 66 F.3d 46, 51 (3d Cir. 1995) (opining in dicta that "defendants are probably correct that section 1446(c)(4) applies only to removals of criminal prosecutions . . . .").

Even if the summary remand procedure contemplated in 28 U.S.C. § 1446(c)(4) applies in this civil action, the court would still decline to grant Plaintiffs' Request for Summary Remand Order. The statute requires that it "clearly appear" in the notice that removal is not permitted. It does not "clearly appear" on the face of Defendant Chapa's Notice of Removal that there is a workers' compensation claim in this case. Count I of the Petition at Law is styled as a "gross negligence" claim against Plaintiffs' co-workers; by all appearances, Plaintiffs have filed a common law tort action against Defendants. Contrary to Plaintiffs' assertion to the contrary, the Petition at Law does not state that it is a cause of action arising under Iowa Code section 85.20 or that it otherwise arises under the workers' compensation law of Iowa. If Count I "arises under" the workers' compensation law of Iowa, i.e., Iowa Code chapter 85, it does so latently. It cannot be said that it "clearly appears" on the face of the notice that removal should not be permitted. 28 U.S.C. § 1446(c)(4). Accordingly, the court shall not summarily remand this case to state court. As a consequence, the court need not decide whether Count I in fact "arises under" the workers' compensation law of Iowa.

For all of the foregoing reasons, the court shall not summarily remand this case to state court.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Request for Summary Remand Order (docket no. 11) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 1st day of March, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA