# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

MARIANNE GOOD and RAY GOOD,

    Plaintiffs,

vs.

TYSON FOODS, INC., ANTHONY KARNES, MARTIN CHAPA, RICK GLEASON and MIKE GROTHE,

    Defendants.

No. 06-CV-2003-LRR

**ORDER**

_____

## TABLE OF CONTENTS

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

III.  THE MERITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

## I. INTRODUCTION

Before the court is Plaintiffs' Supplemental Motion to Remand (docket no. 10).

## II. PROCEDURAL HISTORY[1]

On December 9, 2005, Plaintiffs Marianne and Ray Good filed a four-count Petition

---

[1] There are multiple notices of removal, motions for remand and other associated motions pending before the court involving the same state court action. The motions are contained in clerk's case numbers 06-CV-1003-LRR and 06-CV-2003-LRR. This procedural history only recites those events that are necessary to dispose of the instant motion. Nothing herein should be construed as a ruling on the merits of the parties' other outstanding motions.

at Law against Defendants Tyson Foods, Inc. ("Tyson"), Anthony Karnes, Martin Chapa, Rick Gleason and Mike Grothe in the Iowa District Court In and For Black Hawk County. In Count 1, Marianne Good alleges her co-workers, Karnes, Chapa, Gleason and Grothe, committed "gross negligence" when they "refuse[d] to send her for medical treatment and forced her to continue to perform her job." In Count 2, Marianne Good alleges all of the Defendants committed the tort of "bad faith" when they unreasonably ignored or denied her medical treatment. In Count 3, Marianne Good alleges Tyson violated the Family and Medical Leave Act, 29 U.S.C. § 2615 *et seq.*, when it did not give her time off and constructively discharged her after a hog fell on her arm. In Count 4, Ray Good alleges a loss of consortium claim against all of the Defendants.

On or about December 21, 2005, Plaintiffs served Tyson. On January 10, 2006, Tyson timely filed a Notice of Removal in this court. *See* 28 U.S.C. § 1446(b) (providing that a notice of removal is timely if filed within thirty days of receipt of service). Tyson invoked the court's federal question jurisdiction. *See id.* § 1331.

On February 9, 2006, Plaintiffs filed the instant Supplemental Motion to Remand. Plaintiffs contend that Count 1 "arises under" the workers' compensation laws of Iowa, and, therefore, the case must be remanded to state court. *See* 28 U.S.C. § 1445(c) ("A civil action in any [s]tate court arising under the workmen's compensation laws of such [s]tate may not be removed to any district court of the United States."). On February 13, 2006, Tyson filed a Resistance.[2] On February 14, 2006, Plaintiffs filed a Reply.[3]

---

[2] Tyson's attorneys also filed the Resistance on behalf of Chapa, Gleason and Grothe. On January 26, 2006, Chapa, Gleason and Grothe attempted to join in Tyson's Notice of Removal. Plaintiffs resist this joinder in another pending motion.

[3] Although the Reply is formally styled as a "Reply to Defendants' Resistance to
(continued…)

## III. THE MERITS

Plaintiffs request that the court remand this case to state court because Count 1 "arises under" the workers' compensation laws of Iowa. Title 28, United States Code, Section 1445(c) states: "A civil action in any [s]tate court arising under the workmen's compensation laws of such [s]tate may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Under 28 U.S.C. § 1445(c), the presence of a workers' compensation claim taints the entire case; remand is necessary even if the case presents a federal question or the parties are diverse. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995).

Whether Count 1 "arises under" the workers' compensation laws of Iowa is a question of federal law. *Id.* (citing *Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 705 (1972)). To determine whether a claim arises under a workers' compensation scheme, the Eighth Circuit Court of Appeals examines (1) whether a genuine and present controversy with reference to the workers' compensation laws of the state is disclosed on the face of the complaint; (2) whether one of the workers' compensation laws creates a right or immunity that is an essential element of the claim; and (3) whether the success of the claim depends upon how the law is construed. *See id.*, 58 F.3d at 1245 (citing *Gully v. First Nat. Bank*, 299 U.S. 109, 112-13 (1936)).[4]

---

[3](…continued)
Request for Summary Remand Order," it concerns the issue presented in the instant Supplemental Motion to Remand.

[4] In *Humphrey*, the Eighth Circuit Court of Appeals borrowed from the United States Supreme Court's analysis for determining whether an action "arises under" federal law for purposes of applying 28 U.S.C. §§ 1331 and 1441. *Humphrey* is the only Eighth Circuit Court of Appeals case construing 28 U.S.C. § 1445(c). *Humphrey* is ambiguous
(continued…)

The Iowa Workers' Compensation Act ("Act") is set forth in Iowa Code chapter 85 (2005). Plaintiffs allege Count 1 "arises under" Iowa Code section 85.20. That section of the Act provides:

> The rights and remedies provided in this chapter . . . on account of injury . . . for which benefits under this chapter . . . are recoverable, shall be the exclusive and only rights and remedies of the employee . . . at common law or otherwise, on account of such injury . . . against . . any other employee of such employer, provided that such injury . . . arises out of and in the course of such employment *and is not caused by the other employee's gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another*.

Iowa Code § 85.20 (emphasis added). Plaintiffs insist that Count 1 is not a common law claim and are "supremely confident" in their position.

The court concludes Count 1 is a common law claim and does not "arise under" Iowa Code section 85.20. In Count 1, Marianne Good contends her co-workers committed "gross negligence" when they "refuse[d] to send her for medical treatment and forced her to continue to perform her job." On its face, Count 1 is a common law tort claim, not a workers' compensation action. There is no explicit reference to Iowa Code section 85.20 in Count 1. There is not a genuine and present controversy with reference to the workers' compensation laws of Iowa disclosed on the face of Count 1. *Cf. Humphrey*, 58 F.3d at 1245-46 (holding that the jurisdictional bar of section 1445(c) applied because one of the plaintiff's claims was expressly brought pursuant to Mo. Rev.

---

[4](…continued)
as to whether all three *Gully* factors must be present for a claim to "arise under" the workers' compensation laws of a state or whether the presence of only one of the factors is sufficient to require remand. This ambiguity is immaterial in the present case, however, because the court concludes none of the factors is present.

Stat. § 287.780).

Furthermore, Iowa Code section 85.20 does not *establish* a right that is an essential element of Count 1. Instead, Iowa Code section 85.20 *restricts* the ability of plaintiffs to bring common law negligence claims in state district court by declaring that the workers' compensation scheme is the exclusive remedy for injuries arising out of and in the course of employment. *See Ehler v. St. Paul Fire & Marine Ins. Co.*, 66 F.3d 771, 772-73 (5th Cir. 1995) (clarifying that, under section 1445(c), "the focus must be on the source of the right of action"). A brief history of the tort of co-worker negligence in Iowa and the genesis of the present-day form of Iowa Code section 85.20 will prove this point.

In 1973, the Iowa Supreme Court "recogniz[ed] the right [of an employee] to sue co-employees based upon acts of 'simple' negligence in breaching safety-related duties owed to co-employees." *Thompson v. Bolken*, 312 N.W.2d 501, 504 (Iowa 1981) (citing *Craven v. Oggero*, 213 N.W.2d 678, 682 (Iowa 1973)). In 1974, the Iowa General Assembly responded and amended Iowa Code section 85.20 to provide that a claim under the workers' compensation regime is the exclusive remedy against a co-employee unless the co-employee committed "gross negligence amounting to such lack of care as to amount to wanton neglect for the safety of another." Iowa Code § 85.20; *Thompson*, 312 N.W.2d at 504. The plain effect of the amendment was to "restrict the right to maintain [co-employee negligence] suits." *Thompson,* 312 N.W.2d at 504. The Iowa Supreme Court interpreted Iowa Code section 85.20 to require plaintiffs seeking to pursue co-employee negligence suits at common law in state district court to prove gross negligence amounting to wanton neglect, that is: "(1) knowledge of the peril to be apprehended; (2) knowledge that injury is a probable, as opposed to a possible, result of the danger; and (3) a conscious failure to avoid the peril." *Id.* at 505.

This history shows that Count 1 is a common law claim circumscribed by the

5

workers' compensation laws of Iowa. That is, Count 1 is not a claim "arising under" the workers' compensation laws of Iowa. Iowa Code section 85.20 preempts any claim for negligence unless the plaintiff pleads that a co-employee was grossly negligent amounting to wanton neglect. It does not establish a cause of action.[5] Similarly, Plaintiffs' success on Count 1 does not depend upon how Iowa Code section 85.20 is construed; legal construction of Iowa Code section 85.20 determines whether Plaintiffs can bring a negligence claim at common law.

Although not controlling, the Iowa Supreme Court's own understanding of the co-employee negligence tort accords with the court's conclusion. In a recent case involving a negligence claim brought against a co-employee, a majority of the Iowa Supreme Court characterized the issue on appeal as whether the plaintiff's co-employees could, in light of Iowa Code section 85.20, "be sued *at common law.*" *Nelson v. Winnebago Indus.*, 619 N.W.2d 385, 387 (Iowa 2000) (emphasis added)). *But see Henrich*, 448 N.W.2d at 333 (referring to prior cases involving co-employee negligence claims as "our section 85.20 cases"). In addition, the remaining justices wrote:

> Iowa Code section 85.20 provides that an employee may seek *common-law recovery* for injuries that arise out of and in the course of employment when they resulted from the gross negligence of co[-]employees amounting to such lack of care as to amount to wanton neglect for the safety of another.

*Id*. at 391 (Lavorato, J., concurring in part and dissenting in part) (emphasis added).

In light of the foregoing, the court concludes Count 1 does not "arise under" the

---

[5] Presumably, this is why Plaintiffs' Petition at Law does not invoke Iowa Code section 85.20.

workers' compensation laws of Iowa.  *Humphrey*, 58 F.3d at 1246.[6]  Therefore, 28 U.S.C. § 1445(c) does not require the court to remand this case to state court.  *Id*.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Supplemental Motion to Remand (docket no. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 7th day of March, 2006.

*[signature]*
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[6] Under similar circumstances, the Fourth Circuit Court of Appeals held that an intentional tort action against an employer did not "arise under" the workers' compensation laws of West Virginia.  *See Arthur v. E.I. DuPont de Nemours & Co.*, 58 F.3d 121, 126 (4th Cir. 1995) (noting that (1) the legislature intended to "create a legislative standard for loss of [employer] immunity of more narrow application and containing more specific mandatory elements than the common law tort system concept" and (2) West Virginia courts had always considered them to be common law claims).  The Fourth Circuit found it significant, however, that the plaintiff's claim had "none of the administrative, no-fault characteristics associated with a workers' compensation claim."  *Arthur,* 58 F.3d at 127. *But see Humphrey*, 58 F.3d at 1246 (rejecting view that "a fault-based claim, regardless of its origin, may never serve as the basis for applying § 1445(c)").