IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| MARIANNE GOOD and RAY GOOD, <br><br> Plaintiffs, <br><br> vs. <br><br> TYSON FOODS, INC., ANTHONY KARNES, MARTIN CHAPA, RICK GLEASON and MIKE GROTHE, <br><br> Defendants. | No. 06-CV-2003-LRR <br><br> **ORDER** |

Before the court is Plaintiffs' Motion to Enlarge or Amend Order Denying Supplemental Motion to Remand (docket no. 21). Plaintiffs contend that the court erred in denying their Supplemental Motion to Remand in two respects.

### *I. No Common Law Gross Negligence in Iowa*

Plaintiffs point out that there are no degrees of negligence at Iowa common law. *See, e.g., Selcher v. State*, 340 N.W.2d 759, 762 (Iowa 1983); *Siessenger v. Puth*, 239 N.W. 46, 49 (Iowa 1931). Instead, a number of Iowa statutes insulate certain persons from liability unless it is shown that they were grossly negligent in the performance of some act. *See, e.g.*, Iowa Code § 124C.5 (2005) (state employees cleaning up clandestine laboratories); *id.* § 306.41 (chief engineer of department of transportation closing a highway). Plaintiffs maintain these statutes, like Iowa Code section 85.20, *create* gross negligence claims. *See Selcher*, 340 N.W.2d at 763 (discussing Iowa Code section 306.41 and stating that "[e]ven though our prior cases have eliminated gross negligence from the common law, it was within the legislature's prerogative to reinstate it as a basis of liability"). Plaintiffs conclude the court thus erred when it held that Count 1 does not

"arise under" Iowa Code section 85.20 for purposes of 28 U.S.C. § 1445(c).

The court remains convinced that Count 1 does not "arise under" Iowa Code section 85.20. Whether Count 1 "arises under" the workers' compensation laws of Iowa is a question of federal law. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1245 (8th Cir. 1995). While the cited statutes are similar to Iowa Code section 85.20 insofar as all of them bar plaintiffs from bringing common law negligence claims in state district court unless gross negligence is pled, actions pleading gross negligence pursuant to such statutes do not "arise under" them. As indicated in the court's original order, statutes such as Iowa Code section 85.20 *preempt* any claim for negligence unless the plaintiff pleads gross negligence. Such statutes do not *create* gross negligence claims such that claims "arise under" them, *cf. Humphrey*, 58 F.3d at 1245 (citing *Gully v. First Nat. Bank*, 299 U.S. at 112-13 (1936)), but rather such statutes *restrict* the ability of plaintiffs to bring common law negligence claims other than claims pleading gross negligence in state district court. The court thus remains convinced that Count 1 does not "arise under" Iowa Code section 85.20 for purposes of 28 U.S.C. § 1445(c).

## II. Standard of Review

Plaintiffs contend that the court overlooked the appropriate standard of review. Plaintiffs correctly point out that the party opposing remand bears the burden to establish the court's jurisdiction, *Green v. Ameritrade, Inc.*, 279 F.3d 590, 596 (8th Cir. 2002), and that federal removal statutes must be strictly construed, *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941)). Plaintiffs contend the court implicitly violated these principles in a number of respects when it "resolved uncertainties against the Plaintiffs, as opposed to in favor of remand . . . ." The court has reviewed its order and finds that it did not impermissibly shift the burden of proof to Plaintiffs or fail to strictly construe 28 U.S.C.

§ 1445(c).

### III. Conclusion

Plaintiffs' Motion to Enlarge or Amend Order Denying Supplemental Motion to Remand (docket no. 21) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 14th day of March, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA